<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GERARD W. TRAYNOR,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY BILLHIMER *et. al.*,<br><br>Defendants. | Civil Action No. 21-07463 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court on consideration of its Order issued on February 24, 2023 (ECF No. 40), in which the Court granted without prejudice Defendants Ocean County Prosecutor's Office ("OCPO"), Bradley Billhimer, Joseph D. Coronato, and Vincent A. Petrecca's (collectively, "OCPO Defendants") and Mancini Realty Company ("Mancini Realty") and Joseph H. Mancini's (collectively, "Mancini Defendants") motions to dismiss (ECF Nos. 29, 27, respectively) Plaintiff Gerard W. Traynor's Second Amended Complaint (ECF No. 19).

Under the Court's February 24 Order, Plaintiff had thirty days to amend his Second Amended Complaint to address the deficiencies identified in the Court's Memorandum Opinion. (*See* ECF Nos. 39, 40.)  Despite the Court's invitation, Plaintiff did not file an amended complaint within the thirty days.  (*See* ECF Docket Sheet.)  Because Plaintiff did not file an amended complaint within the provided time, his claims are now dismissed with prejudice.  *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("[W]e have held that a plaintiff can convert a dismissal without prejudice into a final order by 'declar[ing] his intention to stand on his

complaint.' By opting to not amend his complaint . . . within the time frame provided by the District Court, [plaintiff] elected to 'stand on his complaint,' thereby converting the District Court's dismissal into a final order.") (internal citations omitted); *see also Mann v. A.O. Smith Corp.*, Civ. No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023) (holding that plaintiff's "inadvertently miss[ing] the filing deadline and then attempt[ing] to amend his complaint out of time . . . is not a legally significant distinction" from electing to "stand on his complaint," because "[a] plaintiff who inadvertently fails to amend his complaint has still failed to amend it"); *Harper v. Cnty. of Delaware*, 779 F. App'x 143, 145 n.2 (3d Cir. 2019) ("The District Court's decision is final notwithstanding its dismissal of [plaintiff]'s state-law claim without prejudice because [plaintiff] did not amend within the time permitted and instead stands on his complaint."); *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 67 n.4 (3d Cir. 2017) ("The District Court's order provided that 'Plaintiff has twenty (20) days in which to file an Amended Complaint.' Because [plaintiff] did not file an Amended Complaint, the order is a final judgment for jurisdictional purposes.").

For the foregoing reasons, and other good cause shown, all counts against OCPO Defendants are **DISMISSED WITH PREJUDICE**; and Counts One, Two, Three, and Four against Mancini Defendants are **DISMISSED WITH PREJUDICE**. An appropriate Order follows.

Dated: June 16, 2023

                                            */s/ Georgette Castner*
                                        GEORGETTE CASTNER, U.S.D.J.